IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSS A. FIORANI, *et al.*, | : | 1:12-cv-416 |
| | : | |
| Plaintiffs, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| CHRYSLER GROUP, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**<u>MEMORANDUM</u>**

**April 5, 2012**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

    This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 5), filed on March 16, 2012, which recommends that this action be dismissed for lack of venue and due to its frivolous nature. *Pro se* Plaintiff Ross A. Fiorani ("Plaintiff" or "Fiorani") filed objections to the R&R on March 26, 2012. (Doc. 6). For the reasons set forth below, the Court will adopt the R&R.

**I.**     **STANDARD OF REVIEW**

    When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. DISCUSSION

On March 6, 2012, proceeding *pro se,* filed this action purportedly on behalf of himself and the State Attorney General's of California, Ohio, Pennsylvania, Maryland, West Virginia, Delaware, New Jersey, New York, Tennessee, North Carolina, South Carolina and Florida.[1] Plaintiff asserts a RICO claim pursuant to 18 U.S.C. § 1961-1968 against Defendants Chrysler Group, LLC, Dodge Corp., TD Financial Group, LLC and Ally Financial Services. In Plaintiff's meandering *pro se* Complaint, he alleges that the Defendants participated in a wide-ranging conspiracy to commit criminal acts. It appears that Plaintiff is alleging that the Defendant car

---

[1] It is well to note that the only filings thus far in this action have been by Plaintiff. There have been no filings made by any Attorneys General.

dealerships entered into a conspiracy with the Defendant financial institutions to force all potential purchasers of Chrysler-Dodge vehicles to obtain financing through the Defendant financial institutions. Plaintiff alleges that he was prevented from purchasing a Dodge Charger, R/T despite a contract he had allegedly entered into with Chrysler-Dodge and Chrysler Financial which authorized prearranged and pre-approved credit for the purchase of the Charger.

As aptly noted by Magistrate Judge Mannion in the R&R, in April of 2010, Fiorani attempted to bring a similar complaint against Chrysler and Dodge before this Court, at docket number 1:10-cv-880. In that case, we determined that there was no basis for venue to lie in the Middle District of Pennsylvania, and a review of the instant complaint reveals that the same conclusion applies with equal force to the instant action. Accordingly, we shall adopt the Magistrate Judge's recommendation of dismissal for lack of venue as well as for the frivolous nature of this successive venue-less filing.[2] An appropriate Order shall issue.

---

[2] For the sake of completeness, we note that we have reviewed the Plaintiff's "objections" to the R&R and note that the submission contains no availing legal argument in opposition to the R&r, but makes baseless assertions of bias of the Magistrate Judge. As such, the submission deserves no further consideration herein.