UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ROSS A. FIORANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-346 (AJT/IDD) |
| | ) | |
| CHRYSLER GROUP, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Plaintiff Ross Fiorani, *pro se*, originally filed a complaint against Defendants

Chrysler Group, LLC, Dodge Corp., TD Financial Group LLC, and Ally Financial

Services on March 6, 2012, in the Middle District of Pennsylvania.  That court construed

the action as a *qui tam* action because Fiorani included as plaintiffs the state attorney

generals of several states, and granted him leave to proceed *in forma pauperis* ("IFP")

[Doc. Nos. 5 & 8].  However, the court concluded that venue was improper.  The case

was transferred to this court [Doc. No. 17].

On September 12, 2013, Plaintiff filed an Affidavit in Support of Entry of Default

[Doc. No. 23], contending that the Court should enter judgment in his favor because the

defendants failed to respond to his complaint.  It does not appear, however, that the

defendants have been properly served, making the entry of a default judgment improper.

Further, under 28 U.S.C. § 1915, which governs IFP proceedings, a district court must

dismiss a complaint that is frivolous, malicious, or fails to state a claim upon which relief

can be granted.  *See* 29 U.S.C. § 1915(e)(2)(B).  For the reasons set forth below, the

Court concludes that the plaintiff's complaint fails to state a federal claim upon which

relief can be granted, and the Court declines to exercise supplemental jurisdiction over the plaintiff's state law claims.  The case will therefore be dismissed.

"Whether a complaint states a claim upon which relief can be granted is determined by the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Jones v. Link*, 493 F. Supp. 2d 765, 768 (E.D. Va. 2007).  Thus, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

The plaintiff sets forth claims of: (1) Conspiracy (Counts I and III ); (2) Fraudulent Concealment (Count II); (3) Outrageous Dealers' Conduct (Counts IV and XII); (4) Intentional Infliction of Emotional Distress (Counts V, IX, and XIII); (5) Respondeat Superior Liability (Count VI); (6) Commerce and Unfair Business Practices under Section 5(a) of the Federal Trade Commission Act (Counts VII and X); (7) Vicarious Liability (Count VIII); (8) Witness-Victim Tampering by Retaliation (Count XI); (9) Fraud and Misrepresentation (Count XIV); (10) Racketeering by Dealers (Count XV); (11) States' Conspiracy (Count XVI); and (12) Deceit and Concealment (Count XVII).  These claims include allegations that the defendants violated state law as well as the following federal laws: (1) the Sherman Act, 15 U.S.C. §§ 1 & 2; (2) the Federal Trade Commission ("FTC") Act, 15 U.S.C. §§ 44 & 45(a); (3) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*; (4) the UCC, 16 C.F.R. § 700; and (5) 18 U.S.C. §§ 1512-13.  The plaintiff's complaint is scattered and

confusing, but his essential factual allegations appear to be that the defendants refused to sell him a car, in spite of a pre-approved sales contract, and that they retaliated against him for reporting their allegedly criminal conduct by harassing and threatening him.

The Court first notes that the plaintiff's allegations overlap substantially with those asserted in a previous case he filed in this district in 2010, which Judge Ellis dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. *See Fiorani v. Chrysler-Dodge Corp.,* et al., Civ. No. 1:10-cv-989 (E.D. Va.), Doc. No. 15. Thus, much, if not all, of the plaintiff's case is likely barred by res judicata. However, the Court will independently evaluate the sufficiency of the complaint because it is difficult to determine when some of the events at issue are alleged to have occurred.

Section 1 of the Sherman Act provides: "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce . . . is declared to be illegal." 15 U.S.C. § 1. Plaintiff fails to identify any contract or combination that he alleges to be in restraint of trade. Section 2 of the Sherman Act makes it a crime to "monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations." *Id.* § 2. Plaintiff similarly fails to allege the existence of any monopoly or attempted monopoly. Further, the FTC Act does not create a private cause of action. *See Holloway v. Bristol-Myers Corp.,* 485 F.2d 986 (D.C. Cir. 1973). And 16 C.F.R. § 700 sets out regulations pertinent to the Magnuson-Moss Warranty Act, which governs warranties on consumer products, and Plaintiff gives no indication of how the defendants allegedly violated this provision. Title 18 U.S.C. §§ 1512 and 1513 are criminal statutes that prohibit, respectively, tampering with and retaliating against a

3

witness, victim, or informant. Plaintiff cannot sue directly for a violation of these provisions, though they do qualify as RICO predicates. *See* 18 U.S.C. § 1961(1)(B).

RICO makes it unlawful: (1) to use or invest income derived from a "pattern of racketeering activity" in the acquisition of an interest in, or to establish or operate, an enterprise engaged in activities that affect interstate commerce; (2) through a "pattern of racketeering activity" to acquire or maintain an interest in an enterprise engaged in activities that affect interstate commerce; (3) through "a pattern of racketeering activity" to conduct or participate in the conduct of the affairs of an enterprise engaged in activities affecting interstate commerce; or (4) to conspire to violate any of the above provisions. 18 U.S.C. § 1962. The statute sets forth various predicate acts that constitute "racketeering activity." *Id.* § 1961(1). A "pattern of racketeering activity" requires at least two acts of racketeering activity committed with ten years of each other. *Id.* § 1961(5).

In support of his RICO claims, Plaintiff alleges, in pertinent part, that: (1) the defendants made false representations and acted in concert "to suppress, willfully omit the material facts of Defendants' concealment of their conspiracy," Compl. ¶ 10; (2) Defendants Chrysler and Dodge condoned "that Defendant dealers are engaging in a criminal conspiracy . . . result[ing] in intimidation, verbal threats, physical and emotional coercing by telephone and emails against Plaintiff," *id.* ¶ 13; (3) "Dealers intentionally and knowingly made verbally and by sent email, bodily threats, coercively retaliated and vindictively against the Plaintiff pursuant to Title 18 U.S.C. § 1512 and § 1513 . . . by corruptly delaying, hindering, and preventing Plaintiff Fiorani from communicating with Chrysler, Dodge, and to various Federal Agencies, and States Attorney Generals about

4

these dealers intended criminal conduct," *id.* ¶ 56; (4) "Defendant dealers designed

conduct was knowingly willful acts intended to be malicious, vindictive, and maliciously

planned to retaliate against and after the Plaintiff reported dealers' separate and combined

criminal acts and conduct that was inflicted against Plaintiff Fiorani," *id.* ¶ 59; and (5)

"Defendants acted in concert to participate in by their criminal conduct, while conducting

its affairs of the others, Chrysler, Dodge, and as a wholesaler of Chrysler's or Dodge's

products, by and through their patterns of racketeering activities, contrary to § 1961(4)

[and] § 1962(a)-(d)," *id.* ¶ 81.

Thus, Plaintiff identifies as predicate acts Defendants' alleged false statements to

conceal their conspiracy and their alleged harassment and threats in retaliation for or to

intimidate him from reporting their criminal conduct. With regard to Defendants' alleged

false statements, Plaintiff does not indicate what RICO predicate statute this conduct is

alleged to violate. Plaintiff does, however, identify 18 U.S.C. §§ 1512 and 1513 as

predicate violations. *See* 18 U.S.C. § 1961(1)(B) (listing as predicate acts violation of 18

U.S.C. §§ 1512 & 1513). Title 18 U.S.C. § 1512 makes it a crime to use intimidation or

threats with intent to "hinder, delay, or prevent the communication to a law enforcement

officer or judge of the United States of information relating to the commission or possible

commission of a Federal offense." 18 U.S.C. § 1512(b)(3). Title 18 U.S.C. § 1513

makes it a crime to threaten to cause bodily injury to another person "with intent to

retaliate against any person for . . . any information relating to the commission or possible

commission of a Federal offense." 18 U.S.C. § 1513(b)(2).

RICO provides a cause of action only to a person who is "injured in his business

or property by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C. § 1964(c).

Plaintiff alleges that the car dealers threatened bodily harm and harassed, disparaged and ridiculed him. *See, e.g.,* Compl. at 6. While he also indicates in passing that the dealers caused him financial damage or loss of income, *see* Compl. ¶¶ 20, 65, 69, it is unclear how the retaliatory conduct he describes would cause any financial damage. Thus, it would not seem that Plaintiff has plausibly alleged that he was injured in his business or property by virtue of the alleged retaliatory conduct.

Further, while Plaintiff alleges that the defendants threatened him in retaliation for and to prevent him from informing authorities of their criminal conduct, he never articulates the criminal conduct he allegedly reported. Beyond the allegedly retaliatory conduct itself, the only conspiracy Plaintiff alleges is that to prevent him from purchasing a car, but it is unclear how that conduct would constitute a federal offense. Further, Plaintiff does not with any specificity identify the content of the threats he allegedly received. The Court therefore concludes that Plaintiff has failed to allege sufficient facts to make plausible his allegation that the defendants violated 18 U.S.C. §§ 1512 or 1513. *See Iqbal,* 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly,* 550 U.S. at 555)).

Finally, Plaintiff also alleges that the defendants carried out a pattern of "racketeering activities," Compl. ¶ 81, but that bald assertion does not suffice under *Twombly* and *Iqbal.* Thus, the Court concludes that Plaintiff has not plausibly alleged "a pattern of racketeering activity" that would constitute a RICO violation. *See* 18 U.S.C. §§ 1061-2.

For these reasons, the Court concludes that Plaintiff's federal claims must fail. While Plaintiff's complaint also includes state claims, jurisdiction is based on the existence of a federal question, *see* Compl. at 3, and the Court declines to exercise supplemental jurisdiction over those state claims. *See* 28 U.S.C. § 1367(c)(3). Accordingly, it is hereby

ORDERED that Plaintiff's federal claims be, and the same hereby are, DISMISSED with prejudice; and it is further

ORDERED that Plaintiff's state law claims be, and the same hereby are, DISMISSED without prejudice.

**This is a Final Order for purposes of appeal.** To appeal, Plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to enter judgment in favor of the defendants pursuant to Fed. R. Civ. P. 58 and to forward a copy of this Order to the plaintiff, *pro se*.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
January 30, 2014